# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:09-CR-66-TLS |
| JOHN MINNIEFIELD | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 111], filed on September 6, 2019. Defendant argues that he is eligible for a sentencing reduction because he was convicted of a crime that occurred prior to August 3, 2010, and was convicted under a statute for which the statutory penalty was reduced by the Fair Sentencing Act. Although his guideline range remains unchanged due to his career offender status, Defendant asks the Court to reduce his sentence to time served and 3 years of supervised release based on the § 3553(a) factors and evidence of post-sentencing mitigation. The Government opposes a reduced term of imprisonment because Defendant's guideline calculation remains the same, he was sentenced below the applicable guideline range without regard to a lower statutory mandatory minimum, and the § 3553(a) factors do not justify a further reduction in his sentence. For the reasons set forth below, the Court finds that Defendant is eligible to be considered for a reduced sentence under Section 404(b) of the First Step Act and finds, in its discretion, that the § 3553(a) factors and Defendant's post-sentencing conduct warrant a reduction in his sentence. Therefore, the Court GRANTS Defendant's motion and reduces Defendant's term of imprisonment to 164 months and his term of supervised release to 3 years.

## BACKGROUND

In February and June 1998, Defendant was convicted of two misdemeanors. PSR ¶¶ 63–66, ECF No. 64. In August 1998, Defendant was convicted in Allen County Superior Court of dealing in cocaine or narcotic drug, for which he received a sentence of 6 years and served 3 years. *Id.* ¶ 61. In 2003, he was convicted of an alcohol-related driving offense. *Id.* ¶¶ 67–68. In 2004, Defendant was convicted of resisting law enforcement by failing to stop his vehicle after the police officer had identified himself and ordered Defendant to stop, and, in 2009, he had another alcohol-related driving offense. *Id.* ¶¶ 69–72. On April 30, 2009, Defendant was located in a residence where police seized drugs, a gun, and money. *Id.* ¶¶ 25–28. Defendant was also intercepted in various telephone calls discussing with his source obtaining quantities of drugs for distribution. *Id.* ¶¶ 29, 30.

On May 28, 2009, Defendant was first charged by a criminal complaint with conspiracy to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 846. Crim. Compl., ECF No. 1. On June 24, 2009, an Indictment [ECF No. 17] was returned charging Defendant with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); one count of possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine and 5 grams or more but less than 50 grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1) (Count 2); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4).

Prior to trial, the Government filed an Information [ECF No. 29] pursuant to 21 U.S.C. § 851, indicating its intent to rely on Defendant's prior felony drug conviction, which would have increased his statutory mandatory minimum sentence on Count 2 from five years to ten

years. However, the Government withdrew the Information. *See* ECF No. 39; PSR ¶ 8. As a result, Defendant's statutory mandatory minimum sentence on Count 2 was 5 years pursuant to 21 U.S.C. § 841(b)(1)(B). On April 14, 2010, Defendant pled guilty to Counts 2 and 3 pursuant to a written plea agreement [ECF No. 37].

The quantity of crack cocaine involved in Count 2 was determined to be 5.57 grams. PSR ¶ 28. Defendant was also found to be responsible for relevant conduct for cocaine and cash for a total amount of controlled substances equivalent to 148 kilograms of marijuana. *Id.* ¶ 33. The United States Probation Office determined that the base offense level under U.S. Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 was 24. *Id.* ¶ 34. However, Defendant was determined to be a career offender under U.S.S.G. § 4B1.1 based on the 1998 felony drug offense and the 2004 crime of violence for resisting arrest with his vehicle. *Id.* ¶ 48. This resulted in an offense level of 34. *Id.* With a three-level reduction for acceptance of responsibility, Defendant's total offense level was determined to be 31; and, with a criminal history category of VI, his guideline range was 188 to 235 months on Count 2. *Id.* ¶¶ 51, 52. Accounting for his § 924(c) firearm offense in Count 3 and the three-level reduction for acceptance of responsibility, his combined guideline range was 262 to 327 months under U.S.S.G. § 4B1.1(c)(3). *Id.* ¶ 52. At sentencing on December 1, 2011, the Court granted a variance from this range pursuant to the § 3553(a) factors and imposed a sentence of 204 months consisting of 144 months on the crack cocaine charge in Count 2 and 60 months on the § 924(c) charge in Count 3, to be served consecutively. ECF No. 67. The Court imposed a 4-year term of supervised release on Counts 2 and 3, to be served concurrently. *Id.*; *see also* Amended Judgment, ECF No. 72.

On October 1, 2012, Defendant filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on guideline amendment 750 and the Fair Sentencing Act. [ECF No. 84]. The Court denied the motion. [ECF No. 91]. On June 10, 2016, with the assistance of

counsel, Defendant filed a motion to vacate, premised on relief under 28 U.S.C. § 2255 [ECF No. 93]. The Defendant subsequently filed a motion to withdraw [ECF No. 100] the § 2255 motion based on the Supreme Court decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), and the Court granted the motion [ECF No. 102].

On February 25, 2019, Defendant filed a letter requesting appointment of counsel [ECF No. 103] in relation to the First Step Act. On February 27, 2019, the Court issued an Order [ECF No. 104] appointing counsel and directing the United States Probation Officer to prepare a report regarding the applicability of the First Step Act to Defendant. On March 20, 2019, an Addendum to the PSR [ECF No. 106] was filed. On September 6, 2019, Defendant, by counsel, filed the instant Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No.111], requesting a sentence of time served and a term of supervised release of 3 years. On September 13, 2019, the Government filed its response [ECF No. 112].

## DISCUSSION

Defendant seeks a reduction in his sentence based on Section 404(b) of the First Step Act, which was signed into law on December 21, 2018. Defendant was sentenced on February 26, 2009, under the Anti-Drug Abuse Act of 1986, 100 Stat. 2307. At the time, the penalties for crack cocaine offenses treated one gram of crack cocaine as the equivalent of 100 grams of powder cocaine, referred to as the 100-to-1 ratio. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). Defendant's penalty on Count 2 was set forth in 21 U.S.C. § 841(b)(1)(B), which applied to an offense involving 5 grams or more of crack cocaine and triggered a statutory term of imprisonment of 5 to 40 years and 4 years of supervised release. Under 21 U.S.C. § 841(b)(1)(C), an offense involving less than 5 grams of crack cocaine had a maximum penalty of 20 years and 3 years of supervised release.

4

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), which lowered the 100-to-1 ratio to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). To achieve this end, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to support the statutory range for convictions under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). The threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(A) increased from 50 grams to 280 grams, and the threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(B) increased from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372; *see also Dorsey*, 567 U.S. at 269. For example, an individual previously convicted of possessing more than 5 grams of crack cocaine faced a 5-year mandatory minimum under § 841(b)(1)(B); however, now an individual would have to possess more than 28 grams of crack cocaine to be subject to the same mandatory minimum. The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment; however, the Supreme Court held in 2012 that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282.

On December 21, 2018, Congress enacted the First Step Act, which permits "[a] court that imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Thus, the First Step Act of 2018 makes Section 2 of the Fair Sentencing Act retroactive. Section 404(c) sets out two instances in which a court may not

consider a motion for a reduced sentence: if the sentence was already imposed or reduced under the Fair Sentencing Act or if a court has already denied a motion made under Section 404 after a complete review of the motion on the merits. First Step Act, § 404(c). Finally, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

**A.     Eligibility—Section 404(a)**

A defendant is eligible for a reduced sentence under Section 404(b) if he was sentenced for a "covered offense," defined in Section 404(a) as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act, § 404(a), (b). Defendant was found guilty of Counts 2 and 3 of the Indictment. Count 2 charged him with possession with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant's applicable statutory sentencing range on the charge in Count 2 was 5 to 40 years under 21 U.S.C. § 841(b)(1)(B). Defendant committed the offense in 2009 and was sentenced in 2011.

Defendant argues that he is eligible for relief because the statutory penalty for a violation involving 5 grams of crack cocaine—his offense of conviction—was modified by Section 2 of the Fair Sentencing Act. In contrast, the Government takes the position that Defendant's eligibility is not defined by the amount charged in the Indictment but rather by the amount of crack cocaine in the offense conduct, which was 5.57 grams in this case. It appears that a majority of courts to consider the issue have agreed with Defendant and found that a defendant's "eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct." *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. May 24, 2019); *see also United States v. Wirsing*, 943 F.3d 175, 185–86 (4th Cir. 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory

6

penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is [Defendant's] statute of conviction that determines his eligibility for relief." (internal citations omitted)); *United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019) ("It follows that whether an offense is 'covered' depends only on the *statute* under which the defendant was convicted."); *United States v. Mockabee*, No. 1:10-CR-3, 2020 WL 419349, at *3 (S.D. Ind. Jan. 27, 2020) (following the majority of courts to find that a "covered offense" is based on the statute of conviction and not the offense conduct); *United States v. Jones*, No. 10 CR 985, 2019 WL 4942365, at *2–3 (N.D. Ill. Oct. 8, 2019) ("The Court adds its voice to the growing chorus of courts that have found that in determining the eligibility of the defendant for relief under the First Step Act, courts should look to the language of the indictment and the statute of conviction, not the conduct of the defendant."); *United States v. Williams*, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019) (finding, after an analysis of both positions, that "the straightforward reading of 'offense' is that it refers to the offense of conviction, not the defendant's related conduct"); *United States v. Cole*, 1:09-CR-118, 2019 WL 3406872, at *3–4 (N.D. Ind. July 29, 2019) (finding that eligibility for relief under Section 404 is based on the statute of conviction without regard to actual offense quantities (citing cases)). The Government notes that, although the Seventh Circuit Court of Appeals has not yet addressed the issue, there are cases pending before the Seventh Circuit in which the district court's ruling was consistent with the Government's position. *See* Gov't Resp. Mot. Reduction of Sentence 5, ECF No. 112.[1]

---

[1] The Court further notes that oral argument was heard by the Seventh Circuit Court of Appeals on December 13, 2019, in the following pending appeals related to the First Step Act: *United States v. Shaw* (19-2067), *United States v. Robinson* (19-2069), *United States v. Grier* (19-2078), *United States v. Foulks* (19-2117), and *United States v. Young* (19-2520).

Under either position, the Fair Sentencing Act modified the statutory penalty for Defendant's offense in this case. His original statutory penalty was governed by 21 U.S.C. § 841(b)(1)(B) for an offense involving 5 grams or more of crack cocaine, and the statutory penalty range was 5 to 40 years with 4 years of supervised release. Whether Defendant is held responsible for the 5 grams of crack cocaine he was charged with in Count 2 or the offense conduct of 5.57 grams of crack cocaine, the amount is less than the 28 grams now necessary to trigger the penalties in 21 U.S.C. § 841(b)(1)(B). As a result, the applicable statutory penalty of not more than 20 years imprisonment and 3 years of supervised release in 21 U.S.C. § 841(b)(1)(C) now applies.

Therefore, Defendant is eligible under Section 404(b) to be considered for a reduced sentence. He meets the requirement that his offense be committed before August 3, 2010, as he committed the crack cocaine offense in 2009. His statutory penalty was modified by the Fair Sentencing Act, with the lower penalties set forth in § 841(b)(1)(C) now applicable. And, although he was sentenced after August 3, 2010, Defendant did not receive the benefit of Section 2 of the Fair Sentencing Act because he was sentenced on December 1, 2011, which was before the Supreme Court held in *Dorsey* that the Fair Sentencing Act applies to defendants sentenced after August 3, 2010, for offenses committed prior to that date. *See Dorsey*, 567 U.S. at 282 (decided June 21, 2012). Notably, the Government does not argue that Section 404(c) precludes relief. *Compare United States v. Walker*, No. 1:10-CR-10009, 2019 WL 5960659, at *2–3 (C.D. Ill. Nov. 13, 2019) (denying relief under the First Step Act because, in 2012, the court had already reconsidered and reduced the original September 16, 2010 sentence under the Fair Sentencing Act following *Dorsey*).

B.     Relief—Section 404(b)

Courts have limited grounds to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). One such scenario exists, as with the First Step Act, when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Federal Rule of Criminal Procedure 43(b) provides that a defendant "need not be present" for a sentencing reduction when the "proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). The parties agree that a court deciding whether to impose a reduced sentence under Section 404 considers the revised statutory range under the Fair Sentencing Act, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation. *See, e.g.*, *United States v. Garrett*, No. 1:03-CR-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019) (quoting *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *United States v. Shelton*, Cr. No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019). Whether to reduce the sentence is left to the Court's discretion. The parties agree that Defendant's term of supervised release should be reduced from 4 years to 3 years under 21 U.S.C. § 841(b)(1)(C); however, they disagree as to whether the Court should reduce Defendant's term of imprisonment.

First, the retroactive application of the Fair Sentencing Act reduces Defendant's original statutory penalty range of 5 to 40 years imprisonment and 4 years of supervised release under § 841(b)(1)(B) to a maximum of 20 years imprisonment and 3 years of supervised release under § 841(b)(1)(C). Notably, there is no longer a five-year mandatory minimum term of imprisonment. Defendant's original sentence of 204 months (144 months on Count 2 with a consecutive term of 60 months on Count 3) was above the 5-year statutory mandatory minimum. The Court explained that, "while the Defendant's criminal history requires a sentence

significantly above the statutory minimum, neither his criminal history nor his current crime of conviction warrant the full length of the sentence recommended by the Guidelines in light of the § 3553(a) factors." Court's Sentencing Mem. 7, ECF No. 63. The sentence of 204 months is also below the new statutory maximum penalty of 240 months under § 841(b)(1)(C). However, the Court recognizes that the significant reduction in the statutory penalty range under the Fair Sentencing Act, with the elimination of a mandatory minimum term of imprisonment and a 20-year decrease in the maximum term of imprisonment for Defendant's offense, reflects "Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses . . . ." *Garrett*, 2019 WL 2603531, at *3 (quoting *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019)).

Although the statutory penalty has decreased, the applicable guideline range remains unchanged for Defendant due to his career offender status.[2] As a career offender, Defendant's offense level on Count 2 was determined to be 34 based on the maximum statutory penalty under § 841(b)(1)(B) of 40 years. PSR ¶ 48; *see* U.S. Sentencing Guidelines Manual § 4B1.1(b)(2). The offense level of 34 was reduced three levels to 31 based on acceptance of responsibility; with a criminal history category of VI, Defendant's guideline range was 188 to 235 months. PSR ¶ 51. The addition of the consecutive 60-month sentence for the § 924(c) offense in Count 3 would have resulted in a range of 248 to 295 months. *Id.* ¶ 52. However, his career offender status, combined with the § 924(c) offense, mandated the higher guideline range of 262 to 327

---

[2] In a parenthetical within in his motion, Defendant notes that one of his predicate offenses for designating him as a career offender was resisting arrest by flight and comments that resisting law enforcement is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Def.'s Mot. Reduction of Sentence, p. 2, ECF No. 111. However, the Court does *not* understand Defendant to be asking the Court to reconsider his designation as a career offender as part of this First Step Act Motion. Moreover, the Court notes that Defendant previously filed a petition under 28 U.S.C. § 2255 based on *Johnson* and then subsequently withdraw the petition based on the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

months under U.S.S.G. § 4B1.1(c)(2), (3). *Id*. With the passage of the Fair Sentencing Act, Defendant's statutory maximum on Count 2 was reduced to 20 years under 21 U.S.C. § 841(b)(1)(C). Under U.S.S.G. § 4B1.1(b)(3), Defendant's new offense level is 29 after a three-level reduction for acceptance of responsibility. The guideline range for an offense level of 29 with a criminal history category of VI is 151 to 188 months, which increases to a guideline range of 211 to 248 months with the addition of consecutive 60-month sentence for the § 924(c) offense. *See* U.S. Sentencing Guidelines Manual, Sentencing Table. However, the applicable career offender range under U.S.S.G. § 4B1.1(c) remains unchanged at the higher guideline range of 262 to 327 months. *See* U.S. Sentencing Guidelines Manual § 4B1.1(c)(2), (3).

Nevertheless, eligibility for a reduced sentence under the First Step Act is not conditioned on a lowered guideline range. *Garrett*, 2019 WL 2603531, at *3; *Shelton*, 2019 WL 1598921, at *2. Because the First Step Act is the statutory basis for relief under 18 U.S.C. § 3582(c)(1)(B), the limitations of 18 U.S.C. § 3582(c)(2) related to Sentencing Commission guideline reductions are inapplicable. *See United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019). Defendants, like Mr. Minniefield, "who scored under guidelines as career offenders and were therefore ineligible for relief in earlier rounds now have an opportunity to obtain relief under the First Step Act even though their technical guideline range remains unaffected." *Id*.

Under the First Step Act, the court in *United States v. Bean* reduced an already-below guideline sentence despite an unchanged career offender guideline range. *See Bean*, 2019 WL 2537435, at *6. In doing so, the court considered that the statutory mandatory minimum, which had constrained the original sentence, had decreased by ten years; that the First Step Act allows a court to exercise the full range of its discretion consistent with the § 3553(a) factors; and that "the spread between the drug offense level and the career offense guideline has grown." *Id*. The court explained that, in that case, the difference between the high end of the drug offense

guideline range before consideration of career offender status and the low end of the career offender guideline range had increased from less than 30 months at the time of the original sentence to 100 months under the First Step Act. *Id.* (comparing the Sentencing Table guideline ranges for the offense level of 31 in 2008 and for the lower offense level of 27 in 2019 with the unchanged career offender guideline range).[3]

In the instant case, before consideration of career offender status, Defendant's offense level of 21 (a base offense level of 24 under U.S.S.G. § 2D1.1(c)(8) minus the three-level reduction for acceptance of responsibility) with a criminal history category of IV results in a guideline range of 57 to 71 months.[4] PSR ¶ 34. With the consecutive 60-month sentence on the § 924(c) offense, Defendant's guideline range would be 117 to 131 months. The high end of this range is 131 months lower than the applicable guideline range of 262 to 327 months. This was also true at the time of sentencing because Defendant received the benefit of the Fair Sentencing Act drug calculation. *See* Addendum to PSR, p. 2. In addition, with the reduced offense level for the career offender enhancement under U.S.S.G. § 4B1.1(b)(3), the enhanced guideline range of

---

[3] The court in *Bean* compared the guideline range before and after consideration of career offender status, both at the time of the original sentence in 2008 and in considering the First Step Act motion in 2019. *See Bean*, 2019 WL 2537435, at *5. Bean's original drug offense guideline range in 2008, before consideration of career offender status, was 188 to 235 months for the offense level of 31; when compared with the career offender guideline range of 262 to 327 months, the difference was less than 30 months between the high end of the drug offense guideline range and the bottom of the career offender guideline range. In 2019, after the Fair Sentencing Act and all intervening drug guideline amendments, Bean's offense level had decreased to 27 and the corresponding drug offense guideline range, before consideration of career offender status, was 130 to 162 months; yet the career offender guideline range remained 262 to 327 months, with a difference of 100 months between the high end of the drug offense guideline range and the bottom of the career offender guideline range.

[4] In a parenthetical within in his motion, Defendant notes that one of his predicate offenses for designating him as a career offender was resisting arrest by flight and comments that resisting law enforcement is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Def.'s Mot. Reduction of Sentence, p. 2, ECF No. 111. However, the Court does *not* understand Defendant to be asking the Court to reconsider his designation as a career offender as part of this First Step Act Motion. Moreover, the Court notes that Defendant previously filed a petition under 28 U.S.C. § 2255 based on *Johnson* and then subsequently withdraw the petition based on the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

211 to 248 months is now 14 months below the low end of applicable guideline range of 262 to 327 months.[5]

Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence, the Court may consider all relevant § 3553(a) factors. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 489–90 (2011). This includes post-sentencing conduct. *Id*. at 491 (explaining that postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors, which bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing). In this case, Defendant has been in federal custody since April 30, 2009. PSR ¶ 1. Thus, he has been incarcerated for over 10 years. Defendant was 33 years old when he began serving his sentence, is currently 43 years old, and will be 48 years old on his projected release date of December 5, 2023. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Mar. 3, 2020).

In support of this motion, Defendant has offered evidence of post-sentencing mitigation in the form of his exemplary record during his time in the Bureau of Prisons (BOP). In the ten years that he has been incarcerated, Defendant has received only two write ups—for possession of a dangerous tool and for being absent from an assignment—despite being transferred to at least five separate correctional institutions. *See* Addendum to the PSR, ECF No. 106; Def.'s Mot. Reduced Sentence, Ex. A, ECF No. 111-1. In addition, notwithstanding the length of his sentence, Defendant has also availed himself of numerous educational opportunities while in the BOP, including attending GED classes as well as completion of 9 educational courses and numerous continuing education courses. *See* Addendum to the PSR at 3; Def.'s Suppl. Mot.

---

[5] Prior to the Fair Sentencing Act, Defendant's offense level with the career offender enhancement under U.S.S.G. § 4B1.1(b)(2) resulted in a guideline range of 248 to 295 months, the high end of which was higher than the low end of the applicable guideline range of 262 to 327 months.

Reduced Sentence, Ex. A. The Court finds that Defendant's significant and positive post-sentencing conduct supports a reduction as permitted under the First Step Act.

As set forth above, the Court has considered Defendant's offense of conviction, the change in statutory penalty, the guideline range, the § 3553(a) factors, Defendant's exemplary conduct since incarceration, and other post sentencing conduct. Having now considered the parties' arguments and the sentencing factors of § 3553(a), the Court will reduce Defendant's sentence to 164 months imprisonment, with 3 years of supervised release to follow, which is sufficient but not greater than necessary to accomplish the sentencing goals in § 3553(a).

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS:

1. Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 111] is GRANTED;

2. A Second Amended Judgment be entered reducing Defendant's sentence to 164 months imprisonment and 3 years of supervised release;

3. The provisions of Defendant's Amended judgment of December 13, 2011, shall otherwise remain unchanged; and

4. This Opinion and Order, as well as the Second Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on March 10, 2020.

                                s/ Theresa L. Springmann
                                CHIEF JUDGE THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT